[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-14965
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00178-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY WAYNE FERGUSON,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

**(August 4, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Defendant-Appellant Timothy Wayne Ferguson appeals his 24-month sentence for violation of his supervised release. No reversible error has been shown; we affirm.

Defendant offers no challenge to the revocation of his supervised release; he admitted to supervised release violations.[1] After considering the section 3553(a) factors, 18 U.S.C. § 3553(a), the district court had the discretion to terminate Defendant's supervised release, extend it, or revoke it and sentence him to a term of prison. See 18 U.S.C. § 3583(e). Defendant argues that the 24-month sentence imposed upon revocation is due to be reversed because the district court considered improperly Defendant's need for rehabilitation in imposing a prison term and because the sentence imposed was unreasonable under section 3553(a). We review a sentence imposed upon revocation of supervised release for reasonableness. See United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

Defendant cites 18 U.S.C. § 3582(a) in support of his contention that the district court abused its discretion when it factored rehabilitation into its decision

[1]The warrant issued for Defendant's arrest for violation of supervised release included two new substantive violations--cocaine possession and tampering with evidence--and a number of technical violations. The government did not pursue the cocaine possession charge at the revocation hearing; Defendant admitted all other violations, except the evidence tampering charge. After hearing testimony, the district court found Defendant guilty of the evidence tampering charge.

to impose imprisonment upon revocation of Defendant's supervised release.[2] Section 3582(a) states in relevant part that "imprisonment is not an appropriate means of promoting correction and rehabilitation." And in United States v. Brown, 224 F.3d 1237, 1240 (11th Cir. 2000), we said "a court cannot impose an initial incarcerative sentence for the purpose of providing a defendant with rehabilitative treatment." But Brown also drew a distinction between an initial incarcerative sentence and a sentence imposed after revocation of supervised release: "a court may consider a defendant's rehabilitative needs when imposing a specific incarcerative term following revocation of supervised release." Id. (footnote omitted). See also, United States v. Wiggins, 220 F.3d 1248 (no abuse of discretion to consider drug treatment availability when imposing sentence upon revocation of supervised release). Brown, after examining the interplay between section 3583(e) -- which, unlike section 3582, addresses revocation of supervised release specifically -- and the section 3553(a) factors (which section 3583(e) requires a court to consider) identified a "clear legislative mandate that a court must consider a defendant's need for correctional treatment when determining whether to revoke supervised release and sentence a defendant to prison." Id. at

_____

[2]The government argues that plain error review applies because this sentencing challenge was not raised below. Because we conclude that no error -- plain or otherwise -- has been shown, we do not address this contention.

1241. The district court's consideration of Defendant's need for rehabilitative treatment constituted no abuse of discretion.

Defendant also contends that the 24-month within-guidelines-range sentence imposed just weeks before Defendant's term of supervised release was due to end was unreasonable. The deferential abuse-of-discretion standard of review applies to all sentences, "whether inside, just outside, or significantly outside the Guidelines range." Gall v. United States, 128 S.Ct. 586, 591 (2007). Although we would ordinarily expect a sentence within the guideline range to be reasonable, that expectation still must be measured against the record. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The section 3553(a) factors must be considered in fashioning a reasonable sentence upon revocation of supervised release, together with the advisory policy statements in Chapter 7 of the Sentencing Guidelines.

A review of the record shows that the district court considered the applicable guideline range, Defendant's criminal history, the many opportunities he had been afforded, his need for rehabilitation and vocational training, and the need to protect the community. Also, the record demonstrates that Defendant already had violated the terms of his supervised release at least twice. The record offers scant support for Defendant's claim that the district court did not consider

properly the section 3553(a) factors; nothing in the record undermines this Court's ordinary expectation of reasonableness for a within-guideline-range sentence. Talley, 431 F.3d at 788.

AFFIRMED.